I respectfully dissent. I would find Akron City Code 92.25(B)(4) to be void for vagueness. As the majority notes,
"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. * * * Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. * * * Third, but related, where a vague statute `abut[s] upon sensitive areas of basic First Amendment freedoms,' it `operates to inhibit the exercise of [those] freedoms.'"
(Alterations in original.) Akron v. Rowland (1993), 67 Ohio St.3d 374,381. The Revised Code provides a clear standard for culpability. Namely, in R.C. 955.22 and 955.99, the Code provides for culpability if a dog escapes from its owner's premises only if the owner had not followed certain procedures in restraining his or her dog. For instance, if a dangerous or vicious dog is "off the premises of the owner" and "on a chain-link leash or tether that is not more than six feet in length" and muzzled, R.C. 955.22(D)(2), and the dog in some manner escapes and injures a person, no crime has been committed, R.C. 955.99(G). Further, for the owner of a non-vicious, non-dangerous dog, the dog must only be restrained on the premises of the owner "by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape," or be "under [the] reasonable control of some person." R.C. 955.22(C). Without such a predicate breach of care, the revised code provides no penalty. See R.C.955.99. However, Akron City Code 92.25(B)(4) does not provide any standard which a dog owner may abide by in order to avoid criminal liability.
Akron City Code 92.25 is void for vagueness, "because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." (Citation omitted.) Rowland, 67 Ohio St.3d at 381. Akron City Code 92.25 provides no standard by which one may abide to avoid liability. In essence, any dog owner may be found criminally culpable no matter how securely the dog is confined or what precautions he or she takes if, by some chance occurrence or the acts of another, the dog leaves its master's premises and harms a person, domestic animal, or feline. Akron City Code 92.25(B)(4). Further, "if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them." (Citation omitted.) Rowland, 67 Ohio St.3d at 381. Akron City Code 92.25's vague and unclear prohibition provides no standard by which those who wish to conform to the law may abide. As such, prosecutors and local law enforcement personnel are left to adjudge who should be charged under its unclear prohibition, inviting discriminatory and arbitrary enforcement. Accordingly, I would find Akron City Code 92.25(B)(4) to be void for vagueness, and therefore, unconstitutional. For the forgoing reasons, I respectfully dissent.